IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                    4:15-CR-00302-02-BRW

BYRON LEAVY

## ORDER

Pending is Defendant's Motion for Compassionate Release (Doc. No. 204). For the reasons set out below, the motion is DENIED.

**I.   BACKGROUND**

On June 29, 2016, Defendant pled guilty to conspiracy to possess with intent to distribute crack cocaine and possession of a firearm in furtherance of a drug trafficking offense.[1] On February 2, 2017, he was sentenced to 180 months in prison.[2]

**II.   DISCUSSION**

    **A.   Exhaustion**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the factors in 18 U.S.C. § 3553(a).[3]

---

[1] Doc. Nos. 59, 60.

[2] Doc. Nos. 86, 88.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

1

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there. Defendant has not alleged or provided documentation showing that he asked the warden for release. Accordingly, this issue is not properly before the Court.

Even if the issue was properly before the Court, the request would be denied. Defendant must establish "extraordinary and compelling" reasons to warrant compassionate release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[4] As of today, eight circuits courts have ruled that the Guidelines do not apply to defendant-filed motions for compassionate release under the First Step Act. Rather, they have found that courts have more discretion to define what constitutes "extraordinary and compelling." The Eighth Circuit has not addressed this issue directly.

In support of his request, Defendant asserts that he needs to be the caretaker for his grandmother. This is not an extraordinary and compelling reason to warrant compassionate release.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

---

[4] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

Since age 19, Defendant has seven convictions. In fact, he committed the instant offense while on probation for a previous drug conviction, which is the same behavior as the instant offense.

The severity of the offense also must be considered. For almost two years, Defendant engaged in a conspiracy to distribute and to possess with intent to distribute cocaine, with several co-conspirators. Defendant sold cocaine and crack cocaine from a "trap house" in North Little Rock, working up to 3-4 weekly shifts during which up to one ounce of crack cocaine was distributed during a shift.  Law enforcement conducted several controlled buys with Defendant. When he was arrested on December 7, 2015, he was in possession of a loaded handgun and crack cocaine.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 204) is DENIED.

IT IS SO ORDERED, this 27th day of July, 2021.

Billy Roy Wilson  
UNITED STATES DISTRICT JUDGE
